# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANIEKA JOHNSON (#R88667), | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 15 C 6566 |
| | ) |
| WARDEN SHELITH HANSBRO, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Last week pro se prisoner Anieka Johnson ("Johnson") utilized the printed form of Petition for Writ of Habeas Corpus -- Person in State Custody ("Petition"), provided by the Clerk's Office, to challenge her state court conviction and sentence on federal constitutional grounds, which constitute the limited scope of this Court's jurisdiction to review state court criminal proceedings under 28 U.S.C. § 2254(a).[1] Because Johnson's Petition reflects a fundamental misunderstanding of the limited role that the federal courts may permissibly play in reviewing state court criminal proceedings, this memorandum opinion and order is constrained to dismiss both the Petition and this action at the outset.

Here are Johnson's asserted grounds for relief as framed in Petition Pt. III:

1. Ground One reads "state limine to bar evidence of defendant's exculpatory statement." As that description makes plain, that contention challenges an

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

evidentiary ruling that is the prototype of a state-law-based determination, not implicating the United States' Constitution.

2. Johnson's Ground Two is framed as "state limine to bar testimony, evidence and arguments." What has just been said as to Johnson's Ground One applies here with equal force.

3. Ground Three reads simply "Witness Statements and Testimony." Once again it would be difficult to advance a less likely candidate for federal habeas relief, for by definition only state law evidentiary rulings are challenged.

4. Ground Four reads simply "Sentencing." That ground challenges the determination by the state court trial judge (and a similar position taken by the state prosecutor) not to give Johnson the minimum sentence, once more a determination grounded in state rather than federal constitutional considerations.

In sum, Johnson's contentions are simply not cognizable under Section 2254(a).

Finally, it should be added that Johnson acknowledges that the grounds now sought to be raised in the Petition have not "been presented to the highest court having jurisdiction" (Petition Pt. III ¶ 2), which is independently a violation of the precondition to federal habeas relief set out in Section 2254(b)(1)(A). That acknowledgement relates to the first and fourth grounds discussed above, as to which Johnson states they "were not presented because the attorney working my case said he didn't need anything from me." But that too fails to meet the standards prescribed for federal habeas relief, because Johnson has not advanced any contention that her

counsel's representation was thus rendered constitutionally deficient (a subject that could be asserted in a state post-conviction petition, which Johnson has not undertaken).

As stated at the outset, Johnson's current Petition is fatally flawed. Both it and this action are dismissed.

Milton I. Shadur
Senior United States District Judge

Date: August 3, 2015